UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Percy, *et al.*,

                                       Plaintiffs,

        -against-

Oriska General Contracting, *et al.*,

                                       Defendants.

Hodge, *et al.*,

                                       Plaintiffs,

        -against-

All American School Bus Corp., *et al.*,

                                       Defendants.

Oriska Corporation,

                                       Plaintiff,

        -against-

Hodge, *et al.*,

                                       Defendants.

Oriska Corporation,

                                       Plaintiff,

        -against-

Willoughby Rehabilitation and
Health Care Center, LLC, *et al.*,

                                       Defendants.

Oriska Corporation,

                                       Plaintiff,

        -against-

Bayview Manor LLC, South Point
Plaza, *et al.*,

                                       Defendants.

---

**DECLARATION OF
JAMES KERNAN**

20-cv-6131 (NGG)
20-cv-6291 (NGG) (SJB)
21-cv-1366 (NGG) (SJB)
21-cv-1421 (NGG)
21-cv-1999 (NGG) (RLM)
21-cv-2006 (NGG) (SJB)
21-cv-2009 (NGG) (SJB)
21-cv-2010 (NGG) (SJB)
21-cv-2021 (NGG) (SJB)
21-cv-2022 (NGG) (ARL)
21-cv-2024 (NGG) (SJB)
21-cv-2025 (NGG) (SJB)
21-cv-2029 (NGG) (SJB)
21-cv-2030 (NGG) (AYS)
21-cv-2031 (NGG) (SJB)
21-cv-2034 (NGG) (SJB)
21-cv-2035 (NGG) (SJB)
21-cv-2039 (NGG) (RML)
21-cv-2040 (NGG) (SJB)
21-cv-2045 (NGG) (VMS)
21-cv-2050 (NGG) (SJB)
21-cv-2175 (NGG) (SJB)
21-cv-2182 (NGG) (SJB)
21-cv-2194 (NGG) (SJB)
21-cv-2198 (NGG) (SJB)
21-cv-2283 (NGG) (SJB)
21-cv-2311 (NGG) (SJB)
21-cv-2313 (NGG) (RLM)
21-cv-2314 (NGG) (SJB)

Oriska Corporation,

        Plaintiff,

 -against-

Nassau Operating Co., LLC, *et al.*,

        Defendants.

Oriska Corporation,

        Plaintiff,

 -against-

Garden Care Center, Inc., *et al.*,

        Defendants.

Oriska Corporation,

        Plaintiff,

 -against-

Park Avenue Operating Co. LLC, *et al.*,

        Defendants.

Oriska Corporation,

        Plaintiff,

 -against-

Parkview Care & Rehabilitation Center, *et al.*,

        Defendants.

Oriska Corporation,

        Plaintiff,

 -against-

Pinegrove Manor II, LLC,
Grace Plaza, *et al.*,

        Defendants.

Oriska Corporation,

        Plaintiff,

 -against-

Townhouse Operating Co., LLC-

Townhouse Center for Nursing, *et al.*,

                         Defendants.

Oriska Corporation,

                         Plaintiff,

    -against-

Woodmere Rehabilitation and
HealthCare Center, Inc., *et al.*,

                         Defendants.

Oriska Corporation,

                         Plaintiff,

    -against-

Brookhaven Rehabilitation and
HealthCare Center, LLC, *et al.*,

                         Defendants.

Oriska Corporation,

                         Plaintiff,

    -against-

Little Neck Care Center, LLC, *et al.*,

                         Defendants.

Oriska Corporation,

                         Plaintiff,

    -against-

New Surfside Nursing Home, LLC-
Caring Family Nursing & Rehab, *et al.*,

                         Defendants.

Oriska Corporation,

                         Plaintiff,

    -against-

West Lawrence Care Center, LLC, *et al.*,

                         Defendants.

Oriska Corporation,

                         Plaintiff,

3

-against-

Avalon Gardens Rehabilitation & HealthCare Center, LLC, *et al.*,

        Defendants.

Oriska Corporation,

        Plaintiff,

-against-

Golden Gate Rehabilitation and HealthCare Center LLC, *et al.*,

        Defendants.

Oriska Corporation,

        Plaintiff,

-against-

North Sea Associates, LLC-The HamptonsCenter, *et al.*,

        Defendants.

Percy, *et al.*,

        Plaintiff,

-against-

Children's Law Center, *et al.*,

        Defendants.

Percy, *et al.*,

        Plaintiff,

-against-

D & D Metal Work Inc., *et al.*,

        Defendants.

Percy, *et al.*,

        Plaintiff,

-against-

F & E Maintenance Inc, *et al.*,

        Defendants.

---

Percy, *et al.*,

        Plaintiff,

  -against-

I Grace Co, *et al.*,

        Defendants.

Percy, *et al.*,

        Plaintiff,

  -against-

U & I Mechanical Corporation, *et al.*,

        Defendants.

Percy, *et al.*,

        Plaintiff,

  -against-

Manhattan Telecommunications Corporation, *et al.*,

        Defendants.

Percy, *et al.*,

        Plaintiff,

  -against-

S & E Azrlliant PC, *et al.*,

        Defendants.

Percy, *et al.*,

        Plaintiff,

  -against-

P & H Painting Inc., *et al.*,

        Defendants.

Bay Park Center for Nursing & Rehabilitation, *et al.*,

        Plaintiffs,

  -against-

Bent Philipson, Avi Philipson, and

Deborah Philipson,

       Defendants;

Oriska Corporation,

    Plaintiff-in-Intervention,

    -against-

Bay Park Center for Nursing & Rehabilitation, *et al.*,

    Defendants-in-Intervention;

Donna Hodge, Annette Hall, Karen Grant Williams, and Alexi Arias,

   Class Defendants-in-Intervention;

Bent Philipson, Avi Philipson, and Deborah Philipson,

  Lead Action Defendants-in-Intervention;

Aaron Becher, *et al.*,

    Owner Operator Defendants-in-Intervention;

The Philipson Family Trust, *et al.*,

  Prohibited Transaction Defendants-in-Intervention;

Andrew Cuomo, *et al.*,

    State Officer Defendants-in-Intervention;

Oriska Insurance Company,

    Carrier Defendant-in-Intervention;

Rashbi Management, Inc.,

   Trust Defendants-in-Intervention.

**DECLARATION OF JAMES KERNAN IN RESPONSE TO
THIS COURT'S MAY 27, 2021 ORDER TO SHOW CAUSE**

Pursuant to 28 U.S.C. Section 1746, I hereby declare as follows:

**A.     INTRODUCTION.**

1. I am an attorney duly admitted to practice before this Court.

2. The factual statements made in this Declaration are based upon my personal knowledge and information and belief, the sources of which are my involvement in the cases and my review of various documents.

3. I make this Declaration in response to this Court's May 27, 2021 Order, which directed me to show cause as to why I should not be referred to this Court's Disciplinary Committee in connection with my conduct in the above-captioned matters.

4. In its May 27th Order (at pp. 23-26), this Court made the following statements about me:

   a. "The apparently baseless identification of defendants suggests that there is no genuine connection between the allegations in the complaints and the thousands of defendants identified in the case captions. Without a legitimate foundation for naming such an extensive list of defendants, Kernan's conduct appears to rise to the level of harassment against them," and "has imposed a substantial and unnecessary burden on the court's administrative procedures, its staff, and its filing system." Id. at pp. 23-24.

   b. I am "attempting to represent parties involved in litigation related to the business of insurance for the benefit of Oriska in both the Removed and Federal Actions" in violation of the terms of my "felony conviction and the orders of both the Northern District of New York and the NYSDFS." Id. at 24.

   c. "The Class Defendants did not have an objectively reasonable basis for removal of the Nassau County Action." Id. at 26.

   d. "The Class Defendants' failure to comply with the rule of unanimity is evidence that their removal attempts of all

7

    eighteen Removed Actions were objectively unreasonable." Id.

  e. My "attempts on behalf of the Class Representatives to remove these actions were objectively unreasonable." Id.

  f. "[T]he apparent coordination and potential misconduct of counsel indicate that removal of all eighteen Removed Actions to this court, rather than to the proper venue in the Northern District of New York, was objectively unreasonable." Id.

5. I address each of the Court's statements and related issues below.

**C. THE ISSUES RAISED BY THE COURT.**

  **1. MY GOOD FAITH IDENTIFICATION OF THE DEFENDANTS.**

6. This Court stated that I had "filed eleven nearly-identical actions in this district against at least 8,773 defendants"; "[t]he apparently baseless identification of defendants suggests that there is no genuine connection between the allegations in the complaints and the thousands of defendants identified in the case captions. Without a legitimate foundation for naming such an extensive list of defendants, [my] conduct appears to rise to the level of harassment against them," and "has imposed a substantial and unnecessary burden on the court's administrative procedures, its staff, and its filing system." Id. at pp. 23-24.

7. As discussed below, I respectfully submit that I had a legitimate foundation for naming the defendants in question. Moreover, it was never my intent to impose an unnecessary burden on the court's administrative staff and filing system. In fact, I made every effort *not* to burden the Court's staff and filing system and worked closely with Court personnel on filing the pleadings in question in order to minimize any possible burden.

8. In particular, this Court stated that:

  "The court's ECF filing system caps the number of defendants that may be listed per ECF entry, and in an apparent attempt to evade those limits, Kernan has filed hundreds, if not thousands, of ECF

8

        entries, each listing a subset of the defendants. (*See, e.g., Percy v. Oriska Corp. Gen. Contracting*, 20-cv-6131 (Dkt. Nos. 28-58, 60-62, 64-66, 68, 70-86, 88- 89, 92-93, 97-128, 135-146). None of the complaints explains the individual significance of any of these named defendants or discusses how or why they were identified." (May 27, 2021 Order, p. 12)

9. With respect to the Percy case cited by the Court, it is my position that the 8,773 defendants were properly identified as potential defendant class members. The defendants in question in the Percy case are businesses which employ persons in occupations which are apprenticeable. On behalf of my plaintiff clients, my firm used analytics services to identify individuals who had occupations that could benefit from skilled training.[1] We then sent letters advising those individuals of their statutory opportunities and persuading them to adopt the alternative employment practices with hyperlinks demonstrating an alternative employment practice.

10. The statute (42 U.S.C. 2000e-2[k][1][A][ii]) provides that "An unlawful employment practice based on disparate impact is established under this subchapter only if … the complaining party makes the demonstration described in subparagraph (C) with respect to an alternative employment practice and the respondent refuses to adopt such alternative employment practice." Subparagraph (C) provides that "[t]he demonstration referred to by subparagraph (A)(ii) shall be in accordance with the law as it existed on June 4, 1989, with respect to the concept of 'alternative employment practice'."

11. I reasonably believed that, because my firm had sent the letters with demonstration described above to the Percy defendants (which made a "demonstration" within the meaning of 42

---

[1] I understand that some of the companies were incorrectly named as defendants (including several law firms), and I apologize for these errors. Although no excuse, these administrative errors resulted from the large volume of information which we were making our best efforts to process, and were not intentional.

USC 2000e-2), I would be able to meet the burden of persuasion of the Plaintiff Class as defined at 42 U.S.C. Section 2000d.  The members of the class defendants in question "refuse[d] to adopt" the alternative employment practice.  The 1991 amendment to the Civil Rights Act of 1964 (42 U.S.C. §§2000e et al, commonly referred to as PL Title VII of the Civil Rights Act of 1964 as amended in 1991) sets forth a methodology whereby the Plaintiff Class as the Complaining Party can demonstrate to Respondents an Alternative Employment Practice to address the disparate impact of the lack of skills caused by inadequate training of persons in the Plaintiff Class so as to have equal employment opportunity by possessing the necessary skills to compete for jobs.

12. I believed that the Class Plaintiffs, as the Complaining Party under 42 U.S.C. § 2000e–2(k)(1)(A)(ii), made the requisite demonstration to the Respondent [as described in subparagraph (C) as required by 42 U.S.C. § 2000e–2 (k)(1)(A)(ii)], and that the Respondents failed to implement training, thereby causing unfair employment practices and disparate impact.  The Alternative Employment Practice and its demonstration, referenced subparagraph (A)(ii), is in accordance with the law as it existed on June 4, 1989 as required by 42 U.S.C. § 2000e–2(k)(1)(C), being the National Apprenticeship Act of 1937, section 1 (29 U.S.C. 50).

13. Respondents refused to adopt the Alternative Employment Practice and therefore, under 42 U.S.C. § 2000e–2(k)(1)(A)(ii), I believed that I was entitled to bring this action to obtain relief for the Complaining Party Plaintiff Class.  Accordingly, I believed that I had a meritorious federal cause of action of disparate impact on the plaintiff class as an illegal employment practice.

14. I initially filed a single case in this District under Docket No. Case No. 1:20-cv-06131-CLP.  I had attached a single PDF listing all of the potential class defendants but was directed by the Court to add each individual defendant to the docket so that they could receive notice.  We encountered issues adding the various parties because of the ECF timeouts, etc.

15. Eventually, because of the technical issues with adding parties (the system would not permit us to add parties past a certain amount), I filed multiple additional actions so that all of the parties could be identified and noticed. Again, there was absolutely no intent on my part to unnecessarily burden the Court, and I offer my apologies for any inconvenience this has caused. My intention was to comply with the directives of the Court's Operations Manager in filing the various pleadings to accommodate the Multi-District Litigation Panel.

### 2. MY REPRESENTATION OF THE EMPLOYEE BENEFICIARY CLASS WAS NOT IMPROPER.

16. This Court's Order to Show Cause stated that I attempted "to represent parties involved in litigation related to the business of insurance for the benefit of Oriska in both the Removed and Federal Actions" in violation of the terms of my "felony conviction and the orders of both the Northern District of New York and the NYSDFS." Id. at 24.

17. I respectfully submit that my representation of the class of employees did not violate the terms of my felony conviction.

18. Oriska Insurance Company was represented in these various matters by Hitzke & Ferran, LLP. I did not represent Oriska Insurance Company.

19. I understand that, pursuant to the Violent Crime Control and Law Enforcement Act of 1994, 18 U.S.C. § 1033(e) (the "Act"), I am prohibited from engaging in the "business of insurance" unless I obtain written consent from an insurance regulatory official.

20. The term "business of insurance" is defined by 18 U.S.C. Section 1033(f) in relevant part as "the writing of insurance" or "the reinsuring of risks" by an "insurer." An "insurer" is defined as in relevant part as "any entity the business activity of which is the writing of insurance or the reinsuring of risks."

11

21. I did not believe that I had engaged in conduct prohibited by this statute, and I was not working as an "insurer" but only as an attorney. Moreover, my representation of the Class Representatives of the class of employee beneficiaries, did not involve me engaging in the business of insurance.

22. I respectfully submit that my position is supported by an Opinion from the Office of General Counsel. Specifically, in Opinion No. 08-04-30 (Apr. 23, 2008), Office of General Counsel ("OGC") for the New York State Insurance Department explained that a person with a disqualifying felony conviction may be employed by an unaffiliated law firm that is retained by an insurer to defend its insureds in third-party lawsuits:

> "The term 'business of insurance,' as defined in 18 U.S.C. § 1033(f)(1), includes the writing of insurance or the reinsuring of risks, and all acts necessary or incidental to such writing or reinsuring, which activities affect interstate commerce. The term also includes the activities of persons 'who act as, or are, officers, directors, agents, or employees of insurers or other persons authorized to act on behalf' of the insurer. Thus, an in-house counsel for an insurer engages in the "business of insurance" by virtue of the attorney's status as an employee. Accordingly, to hold such a position, the inquirer would have to obtain the requisite waiver.
>
> Employment as an attorney at an unaffiliated law firm that is retained by an insurer to defend its insureds in third-party lawsuits, however, is a different matter. The attorney is the employee of the law firm and not, absent other circumstances, a director, officer or employee of the insurer. See Opinion of General Counsel No. 02-07-24 (July 24, 2002) (opining that an employee of a company that provides credit information to insurers for underwriting purposes is not an employee of an insurer). Nor does the position typically involve the writing of insurance or reinsurance of risks, or acts that are necessary or incidental to such writing or reinsuring. See Opinion of Office of General Counsel No. 05-05-16 (May 10, 2005) (opining that a 1033 waiver is required for an adjuster's license).
>
> Further, although the attorney represents the insured in litigation, it is the Department's view that such representation does not constitute acting as an agent of an insurer or otherwise as a person authorized

> to act on behalf of officers, directors, agents, or employees of the insurer within the meaning of the Act."

See also Opinion No. 09-08-05 (citing Opinion No. 08-04-30 [Aug. 11, 2009] with approval).

### 3. MY GOOD FAITH BASIS FOR REMOVING THE CASES TO THIS COURT, INCLUDING NASSAU COUNTY ACTION 609877/2019 AND THE ACTIONS PENDING IN COUNTIES LISTED BELOW.

23. This Court found (at p. 20) that:

> "At the time of removal, the cases remained in the pre-trial stage in Oneida County and had not been returned to their original counties for trial. Thus, the Class Representatives were required to file any notice of removal in the Northern District of New York, where Oneida County is situated."

24. Although I have been unable to locate any authority directly on point, I do now appreciate the Court's position. However, as discussed below, I respectfully submit that I had attempted in good faith to comply with the rules governing removal.

25. I believed that, although the cases were consolidated for purposes of discovery in Oneida County, the cases remained pending in their respective counties because, among other things, the trials would be conducted in those counties. I respectfully submit that my belief was reasonable under the circumstances and there is no authority of which I am aware to the contrary.

26. I did not believe that all of the cases belonged in the Northern District simply because pre-trial coordination was taking place in Oneida County. Rather, as noted above, I believed that each case should be removed to the respective federal jurisdiction of the court in which the trial would ultimately have taken place. This seemed logical to me and, again, I was not aware of any contrary authority. I certainly did *not* intend to engage in any improper conduct.

27. Because I believed each case belonged in the federal jurisdiction of the respective trial courts, I removed the cases to the various courts as required. I did not represent any clients in the Northern District because I am not admitted in that Court.

13

28. With respect to the Nassau County Action 609877/2019 in particular, at the time I removed that case to this Court on December 29, 2020, I also believed that case was pending in Nassau County (and not in Oneida County). However, I recognize that I should have obtained the defendants' consent because service of the Amended Complaint had been effected by means of electronic filing. I offer my apologies to the Court and the parties.

29. Although I understand this now, at the time, I did not realize that the Amended Complaint effectively transformed the "plaintiffs" into the "defendants" within the meaning of 28 U.S.C. Section 1446(b)(2)(A), which provides that, "[w]hen a civil action is removed solely under section 1441(a), all *defendants* who have been properly joined and served must join in or consent to the removal of the action." (Emphasis added.) I had not realized, at that time, that by virtue of the Amended Complaint (which was served electronically), the plaintiffs became defendants (because they were named as defendants in the Amended Complaint) and I was required to obtain their consent. I believed, incorrectly, that they were "plaintiffs" and their consent was not required. Again, I offer my apologies to the Court and the parties.

30. Separately, I believed that removal was appropriate from Nassau County because the Nassau County Supreme Court granted the intervention complaint, which set forth the ERISA-based causes of action. I had a good faith belief that the subject of the Nassau County lawsuit 609877/2019 was an ERISA regulated matter because it involved funds for benefits to employees of the putative class I represented. The Second Circuit has explained that "ERISA's preemption clause is 'conspicuous for its breadth,' … representing Congress' aim to establish as an area of 'exclusive federal concern' the regulation of employee benefit plans. … Consequently, the phrase 'relate to' [in the preemption clause] is to be interpreted broadly, … encompassing common law causes of action that 'purport[] to provide a remedy for the violation of a right expressly guaranteed

14

by [ERISA].'" Diduck v. Kaszycki & Sons Contrs., Inc., 974 F.2d 270, 287-88 (2d Cir. 1992). Here, the litigation involves violations of ERISA affecting employees' rights for benefits.

31. I based the removal on the *original* complaint, and I believed in good faith that the language of the statute supported by position. The plain language of the statute governing removal, 28 U.S.C. Section 1446(b)(1), provides that the relevant pleading is the "initial pleading":

> "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based…."

32. This provision deals with actions that are removable at the time of commencement, and I believed in good faith it applied to this action.

33. A separate provision, 28 U.S.C. Section 1446(b)(3), governs actions which become removable by virtue of an "amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

34. Here, as explained at page 9 of my April 23, 2021 Memorandum (see 20-cv-06291, Dkt. No. 40), I believed in good faith that the case was removable by virtue of the initial pleading, pursuant to 28 U.S.C. Section 1446(b)(1).

35. Moreover, as also explained at page 9 of my April 23rd Memorandum, I also believed in good faith that the allegations in the Amended Complaint asserted claims for relief related to a fund governed by ERISA and, under the broad preemption principles, permitted removal.

36. I was not aware that "voluntariness principal bars removal by parties introduced through intervention." (Order, at p. 22) This Court stated that "[t]o hold otherwise would deprive plaintiffs of their right to decide where to bring their lawsuit." Id. However, the doctrine of removal inherently deprives plaintiffs of their right to decide where to bring their lawsuit. I did

15

not believe that my request for removal was inappropriate simply because it would deprive plaintiffs of their chosen forum. Rather, I believed the cases deal with funds governed by ERISA and that, therefore, the doctrine of federal preemption merited federal court jurisdiction over these matters.

37. This Court stated (at p. 26) that: "The Healthcare Employers were original parties to all eighteen Removed Actions, and the Class Representatives knew or should have known the rules for service via e-filing on existing parties under New York law." I respectfully submit that I believed in good faith that the Healthcare Employer defendants had not been served at the time I removed the actions. I understood that a named defendant in a lawsuit did not become a party (and would not be subject to e-service) until that defendant was served with process and/or appeared in the case. At the time I removed the eighteen Removed Actions, I believed in good faith that the Healthcare Employer defendants had not appeared in any of the eighteen cases and I believed that they had not been served with process, as explained above.

38. Although the Healthcare Employers appeared in the Nassau County case 609877/2019 by virtue of being the plaintiff, the Healthcare Employers did not file a Notice of Appearance in the other actions (and were not the plaintiffs in those other actions). And although the firm of Cullen Dykman announced that it was representing the Employer and Owner Defendants, I believed that this was different than entering a formal appearance on behalf of a party in a matter.

39. I did not intend to violate the rules governing removal and I believed at the time that I was acting ethically and properly. With the benefit of hindsight, I realize I had erred, and I offer my apologies. I know that I should have more carefully analyzed the situation. I had never

16

before dealt with such a procedurally complicated situation involving so many moving pieces. I tried to navigate the situation as best as I could, but I recognize that I made errors.

40. I do want the Court to understand that I became aware of the challenging nature of the procedural issues in this case and did seek assistance in the spring of 2021. I had contacted Efraim Savitt, Esq., a former federal prosecutor in the Eastern District, and an experienced litigator, in March of 2021 to assist me in the litigations and formally retained him on April 2, 2021, to work with me. (Mr. Savitt appeared in 20-cv-06291, 21-cv-01421 and 21-cv-01366, at Dkt. Nos. 18, 10 and 46, respectively.). I made motions to consolidate the 19 cases into EDNY cases 20-cv-06291, 21-cv-01421 and 21-cv-01366: EDNY 20-cv-06131 Docket #8, EDNY 21-cv-01999 Docket #7, EDNY 21-cv-1421 Docket #15, EDNY 21-cv-2006 Docket #6, EDNY 21-cv-2010 Docket #6, EDNY 21-cv-2021 Docket #6, EDNY 21-cv-2022 Docket #6, EDNY 21-cv-2024 Docket #6, EDNY 21-cv-2029 Docket #7, EDNY 21-cv-2030 Docket #6, EDNY 21-cv-2035 Docket #5, EDNY 21-cv-2039 Docket #5, EDNY 21-cv-2040 Docket# 6, EDNY 21-cv-2045 Docket #5, EDNY 21-cv-2050 Docket #7, EDNY 21-cv-2283 Docket #12, EDNY 21-cv-2313 Docket #43, EDNY 21-cv-2314 Docket #35, EDNY 20-cv-06291 Docket #7. I bring this to the Court's attention so that the Court will understand that I was acting in good faith and I did not intend to violate this Court's rules.

41. Finally, although the Court's Order referenced my arrest and conviction in the Northern District, I respectfully submit that my conviction should not hang over my head and serve as a basis to doubt my credibility on all matters and for all time. I paid the price for my conduct, and I hope that my prior misconduct not mean that I am forever assumed to be a wrongdoer.

C. **CONCLUSION.**

42. For the reasons set forth above, I respectfully submit that a referral to the Grievance Committee is not warranted in this case.

I declare under penalty of perjury that the foregoing is true and correct. Executed on June 21, 2021.

_____
James Kernan